**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Phillip B. BENJAMIN, Defendant–
Appellant.**

No. 96–4218.

United States Court of Appeals,
Seventh Circuit.

Argued May 20, 1997.

Decided July 3, 1997.

Kit R. Morrissey (argued), Office of the United States Attorney, Fairview Heights, IL, for plaintiff–appellee.

Lawrence Fleming (argued), Renee E. Schooley, Office of the Federal Public Defender, East St. Louis, IL, for defendant–appellant.

Before CUMMINGS, FLAUM and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Indicted on seven counts related to his distribution of crack cocaine, Benjamin pleaded guilty to all but two. He chose to contest the count that charged him with carrying a gun in violation of 18 U.S.C. § 924(c) and the count that charged him with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. This strategy was understandable, for a conviction under section 924(c) would mandate a five-year increase in his sentence, and the conspiracy charge, by opening up the prospect of *Pinkerton* liability, would make it difficult for him, on the facts recounted below, to contest the gun charge. Unfortunately for Benjamin, however, the jury convicted him. We now affirm his conviction and sentence.

## I.

The facts in dispute at trial concerned the day of Benjamin's arrest. Beginning in March 1996, Benjamin sold crack on four separate occasions to an undercover officer, Detective Spargur. On March 26, Spargur was waiting in his car at the arranged meeting place, a McDonald's parking lot, when Benjamin pulled in, accompanied by a minor who rode in the passenger seat of Benjamin's car. Benjamin drove past Spargur, and the passenger, whom Spargur had never before encountered in his dealings with Benjamin, motioned for the detective to follow. When Spargur declined, Benjamin doubled back. Spargur walked over to the passenger side of Benjamin's car, and, with the juvenile seated between them, the two men negotiated the impending transaction, which they agreed to consummate in a parking lot across the street.

As Spargur followed Benjamin to the new location, the police decided that the time had come to make an arrest. A patrol car pulled alongside Benjamin and motioned for him to pull over. Benjamin attempted to flee, but managed only to crash into a stop sign, on which his car became stuck. After a few tense moments during which Benjamin refused to display both his hands, he was

pulled from the car and placed on the ground. In the course of cuffing Benjamin, the arresting officer noticed a gun on the ground next to the prostrate suspect. The gun was later found to have a print that matched the juvenile passenger, who was carrying a container of crack in his sock at the time of the arrest. Crack was also found in the ashtray of Benjamin's car.

After the jury convicted Benjamin on the firearm and conspiracy counts, the district court sentenced him to a total of 144 months in prison, sixty months of which represented the mandatory consecutive sentence under section 924(c). On appeal, Benjamin's main contention is that the evidence did not support his conviction for conspiring with his passenger to distribute crack cocaine. He also argues that the evidence was insufficient to establish that he carried a gun and that the district court erred in enhancing Benjamin's sentence for his use of a minor to commit a crime. Finally, Benjamin argues that, at sentencing, the government did not establish by a preponderance of the evidence that his offenses involved crack cocaine.

## II.

█ We begin where logic dictates, that is, with Benjamin's claim that the evidence was insufficient to support his conspiracy conviction. Our review of this claim is limited to the same narrow inquiry that guides a district court faced with a motion for judgment of acquittal pursuant to Rule 29: whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Katalinich,* 113 F.3d 1475, 1480 (7th Cir. 1997). "In order to sustain a conspiracy conviction [under 21 U.S.C. § 846], the Government must present substantial evidence that a conspiracy existed and that the defendant agreed to join it." *Id.* Unlike the general federal conspiracy statute, section 846 does not require proof of an overt act in furtherance of the conspiracy. *United States v. Shabani,* 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

█ Given these parameters, we believe that the evidence was sufficient to permit a rational jury to infer that Benjamin conspired with his juvenile passenger to distribute crack cocaine. Benjamin and the juvenile arrived together at a location where Benjamin and Spargur had agreed to conduct their drug deal. The juvenile initially motioned to Spargur to follow Benjamin's car and then sat and listened as the two older men discussed the terms of the sale. To these factors we can add the juvenile's fingerprint, found on the gun that lay next to Benjamin, and the container of crack that the juvenile carried in his sock. Both items tended to show that, more than just an unlucky passenger along for the ride, the juvenile was Benjamin's partner in crime. While any one of these pieces of evidence, standing alone, might not be sufficient to support a conspiracy conviction under similar circumstances (a matter we do not decide), here the inference that Benjamin and the juvenile were coconspirators was entirely reasonable.

█ Our conclusion that the evidence supports the conspiracy conviction obviously forecloses Benjamin's argument that the district court erred in enhancing his sentence pursuant to section 3B1.4 of the United States Sentencing Guidelines for using a minor to commit a crime. Similarly, the same conclusion dooms his argument that the evidence did not support his conviction for carrying a firearm in relation to a drug trafficking offense. Benjamin maintains that it was the juvenile, not Benjamin, who carried the gun. But that distinction cannot help him, for once the conspiracy was proved, it mattered little which conspirator carried the gun, so long as it was carried in furtherance of the conspiracy and Benjamin reasonably could foresee that his coconspirator might do so. *See Lee v. United States,* 113 F.3d 73, 76–77 (7th Cir.1997) ("[B]ecause the underlying count was a conspiracy count, in looking for 'use' or 'carry' conduct, we look not only at Lee's own conduct but also at that of his coconspirators as well, if their conduct was in furtherance of the conspiracy and reasonably foreseeable to Lee.") (citing *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

### III.

Benjamin also argues that his sentence should be vacated because the government did not prove by a preponderance of the evidence, and the district court did not specifically find, that the subject of his transactions with Detective Spargur was crack cocaine, as opposed to some other form of cocaine base. *See* U.S.S.G. § 2D1.1, note D (defining "cocaine base" for sentencing purposes as "crack"). Benjamin makes this argument in the face of the following, rather inconvenient, facts: Benjamin admitted at his plea hearing to selling crack cocaine; the parties stipulated at trial that the substance purchased from Benjamin and taken from the ashtray of his car was crack; the substance was admitted into evidence and the jury permitted to inspect it; the jury found Benjamin guilty of conspiring to distribute a form of cocaine "commonly known as 'crack'"; at sentencing, defense counsel conceded that Benjamin and Spargur negotiated over "crack" in the course of their dealings; counsel acknowledged that the lab analysis attached to the presentence report indicated that the evidence analyzed was a rock-like form of cocaine base; and the district court specifically found "by a preponderance of the evidence, that the substance involved was crack cocaine." Under both our caselaw and the applicable Guidelines' definition, the district court hardly could have reached a different conclusion. *See United States v. Wade*, 114 F.3d 103, 104 (7th Cir. 1997).

Benjamin's conviction and sentence are AFFIRMED in all respects.