165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael A. AKINS, Defendant-Appellant.
 No. 97-2663.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 8, 1998.
Decided Oct. 22, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 96-CR-20070. Harold A. Baker, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 In this direct appeal from his sentence, Michael Akins argues, for the first time, that the district court erred by sentencing him under a Sentencing Guidelines provision applicable to drug offenses involving crack without requiring the government to prove by a preponderance of the evidence that the substance involved in his offense was in fact crack. The government counters that, under the plain error standard of review, the district court properly applied the Guidelines and had sufficient evidence to support its ruling. We affirm Akins's sentence.
 
 Background
 
 2
 On five occasions during the months of July, August, and September of 1996, undercover agents purchased various amounts of cocaine base totaling 43.56 grams from Akins. After being arrested and charged with five counts of selling "cocaine base ('crack')" in violation of 21 U.S.C. § 841(a)(1), Akins agreed to plead guilty to the fifth count of the indictment in exchange for dismissal of the other counts and a sentencing recommendation at the bottom of the Guidelines range. In relevant part, the plea agreement reads, "Akins agrees to plead guilty to Count 5 of the Indictment charging him with the distribution of cocaine base 'Crack." ' The agreement goes on to state, "Akins is pleading guilty to Count 5 of the Indictment because he in fact committed the crime as charged in Count 5 of the Indictment."
 
 
 3
 At the plea colloquy, the court inquired into the factual basis for Akins's plea. The government attorney responded, "Your honor, on several dates we had an undercover agent purchase crack cocaine from Mr. Akins.... The substance, indeed, is crack cocaine." Following this exchange, the court asked Akins, "Mr. Akins, on September 26th did you have crack? September 26th, 1996, did you have possession of crack?" Akins simply responded, "Yes." Concluding that there was a factual basis for the plea, the court referred the case to a probation officer for preparation of a pre-sentence report.
 
 
 4
 The pre-sentence report, relying on reports submitted by the state police, predominately uses the term "cocaine base" to identify the substance involved, but it occasionally substitutes the terms "crack cocaine" and "rocks of cocaine" without distinguishing among the meanings of the different terms. In considering possible downward adjustments for acceptance of responsibility, the probation officer noted that "[d]uring the pre-sentence interview, Akins truthfully admitted his involvement in the instant offense [and] admitted that he sold crack cocaine to [the detective] on five occasions from July to September 1996." The probation officer assigned a base level of 30, the level for offenses involving between 35 and 50 grams of "cocaine base." She also felt a three point reduction for acceptance of responsibility was warranted, bringing the offense level to 27. Finding that the appropriate criminal history category was VI, the probation officer determined the imprisonment range to be 130 to 162 months.
 
 
 5
 At the sentencing hearing, after determining that Akins had read the pre-sentence report and discussed it with his lawyer, the judge asked Akins if he had any objections to the report. Akins did not. The court proceeded to adopt the pre-sentence report as its findings and ruled that the offense level was 27 and the criminal history category was VI. The court then gave the defense an opportunity to object to the court's findings, but counsel for Akins had "nothing to add." Finally, the court sentenced Akins to 130 months of imprisonment to be followed by eight years of supervised release.
 
 Standard of Review
 
 6
 Normally, we court review a district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Mattison, 153 F.3d 406, 412 (7th Cir.1998). However, Akins did not raise before the district court his proof-of-crack argument. Therefore, he has forfeited it and under Federal Rule of Criminal Procedure 52(b) we may reverse the district court only for plain error. United States v. Olano, 507 U.S. 725, 731-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Wilson, 134 F.3d 855, 862-63 (7th Cir.1998). Plain error review under Rule 52(b) allows us to reverse the district court only if Akins demonstrates that (1) error occurred; (2) the error was clear or obvious; and (3) the error affected his substantial rights. Olano, 507 U.S. at 731-35; Wilson, 134 F.3d at 862-63. Moreover, Rule 52(b) is permissive, not mandatory. A court should correct a clear forfeited error affecting substantial rights only when the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 735-37; Wilson, 134 F.3d at 863.
 
 Analysis
 
 7
 The Sentencing Guidelines assign different offense levels to crimes involving identical quantities of "cocaine base" and other forms of cocaine. The Guidelines treat offenses involving "cocaine base" much more severely. See U.S.S.G. § 2D1.1(c) (100 to 1 weight ratio at each base offense level and 16 point difference in base offense level for 43 grams). In 1993, the United States Sentencing Commission defined "cocaine base" narrowly, to mean "crack," a particular form of cocaine base: " 'Cocaine base,' for the purposes of this guideline, means 'Crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c) n.D. Consequently, the government must now prove by a preponderance of the evidence that the offense involved crack, and not just cocaine base, when it seeks the longer sentences available under the Guidelines for crimes involving "cocaine base." United States v. Story, 137 F.3d 518, 521 (7th Cir.1997); United States v. Adams, 125 F.3d 586, 590-92 (7th Cir.1997). Akins argues that the district court erroneously equated crack and cocaine base and, thus, never required the government to prove by a preponderance of the evidence that the substance involved in his offense was crack.
 
 
 8
 Akins's argument relies heavily on several cases finding that district courts had erred by not requiring the government to prove that a defendant's offense involved crack. These cases, however, are easily distinguishable from the present case. First, in each one, the defendant objected to the factual characterization of his offense as one involving crack, thereby bringing the issue to the district court's attention. Adams, 125 F.3d at 590; United States v. Earnest, 129 F.3d 906, 917 (7th Cir.1997); United States v. James, 78 F.3d 851, 856-57 (3d Cir.1996). Second, in reviewing the district court's resolution of the matter, each appellate court found some indication that the district court had erroneously equated "crack" and "cocaine base." For example, in United States v. Adams, when the defendant objected to the use of the term "crack cocaine" at his plea colloquy, the prosecutor informed him that crack and cocaine base were the same and the judge did not correct the prosecutor. 125 F.3d at 590. Likewise, in United States v. Earnest, the district court supported its sentencing determination by citing a case decided under the pre-1993 Guidelines that had equated crack and cocaine base. 129 F.3d at 916-17 (citing United States v. Booker, 70 F.3d 488 (7th Cir.1995)). See also James, 78 F.3d at 857 (noting that district court explicitly found that "cocaine base means crack for purposes of the guidelines"). Here, because Akins never objected to the factual characterization of his offense as one involving crack and there is no indication that the court did not apply the Guidelines properly, cases like Adams and Earnest do not support the conclusion that the court erred as a matter of law.
 
 
 9
 Akins further argues that the evidence in the record does not warrant a finding that his offense involved crack. He finds support in the fact that the pre-sentence report uses the terms "crack" and "cocaine base" interchangeably and the fact that the police chemist only identified the substance as cocaine base. But, neither fact is inconsistent with a conclusion that the substance at issue was crack; crack is a kind of cocaine base. Moreover, it would be odd, at the very least, for the probation officer to use the terms "crack" and "cocaine base," as well as "rock" and "chunk," interchangeably if she was not convinced that Akins's offense had in fact involved crack. The use of the term "rock" is particularly informative in light of the Guidelines' definition of "cocaine base," which describes crack as a "rocklike." Finally, Akins's statements and behavior in the lower court provide uncontradicted evidence that the offense involved crack. Akins admitted his offense involved crack three times; in his plea agreement, during the plea colloquy, and to the probation officer during the pre-sentence investigation. Likewise, Akins never objected to the government's, the probation officer's, or the court's factual characterizations of the offense. His admission during the plea colloquy is especially powerful, given his unqualified answer to the judge's direct inquiry as to whether he possessed crack. Thus, there appears to be adequate support in the record for the district court's ruling. Compare United States v. Mattison, 153 F.3d 406, 412 (7th Cir.1998) (relying in part on defendant's admission to police he was involved in distributing crack); United States v. Benjamin, 116 F.3d 1204, 1207 (7th Cir.1997) (relying in part on defendant's plea to selling crack cocaine); United States v. Wade, 114 F.3d 103, 105 (7th Cir.1997) (relying in part on fact that defendant called substance crack and substance looked like crack).
 
 
 10
 In sum, Akins has not demonstrated plain error. Any error in sentencing him under the provisions applicable to offenses involving crack cannot be characterized as clear or obvious. Therefore, we AFFIRM Akins's sentence.