165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LaChien M. SCOTT, Defendant-Appellant.
 No. 98-1672.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.
Decided Nov. 24, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division. No. 97CR-30073-01-PER. Paul E. Riley, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, LaChien Scott pleaded guilty to knowingly and intentionally distributing 2.4 grams of "cocaine base (commonly known as crack cocaine)" in violation 21 U.S.C. § 841(a)(1). The court sentenced Scott to thirty-seven months of imprisonment (the bottom of the Guidelines range), a $ 500 fine, $ 100 special assessment, and six years of supervised release. Scott's attorney filed a notice of appeal, but he now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because, in his opinion, there are no non-frivolous grounds for appeal. See United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Pursuant to Circuit Rule 51(a), Scott was informed of his attorney's action and his right to respond. He has not done so and the deadline has passed.
 
 
 2
 In reviewing Anders briefs, we will grant an attorney's motion to withdraw only if the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). However, if the Anders brief adequately explains the case and fully and intelligently discusses the possible issues, we will limit our review to the potential issues raised in the brief. Wagner, 103 F.3d at 553.
 
 
 3
 In the instant case, counsel has fully and adequately explained the case and discussed possible issues for appeal. Thus, we shall confine ourselves to the potential issues raised in the brief. Counsel identifies and analyzes two issues Scott could raise in an appeal: whether Scott's plea was knowing and voluntary, and whether the court erred in sentencing Scott under a Sentencing Guidelines' provision applicable to crack cocaine, but not other forms of cocaine base.
 
 
 4
 With respect to an argument asserting Scott's plea was not knowing and voluntary, we agree with counsel that such an argument would be frivolous in light of the district court's fully adequate plea colloquy. The district judge clearly advised Scott of the constitutional rights he would waive by pleading guilty. He informed him of the charge and the range of possible penalties that could be imposed, as well as the procedures for sentencing under the Sentencing Guidelines. The judge asked Scott if his plea was voluntary and free of threats or coercion, and Scott responded that it was. In short, the transcript of the plea colloquy discloses no errors in the court's procedure, and the court seems to have fully complied with the mandates of Federal Rule of Criminal Procedure 11. In these circumstances, it would be frivolous to argue that Scott's plea was not knowing and voluntary. See United States v. Garcia, 35 F.3d 1125, 1132 (7th Cir.1994).
 
 
 5
 As for the potential sentencing issue, we agree with counsel that an argument that Scott was sentenced under the wrong Guidelines provision would be meritless. The Sentencing Guidelines assign different offense levels to crimes involving identical quantities of "crack" and powder cocaine or other forms of cocaine base. The Guidelines treat offenses involving "crack" much more severely. See U.S.S.G. § 2D1.1(c), (c) n.D. Scott's argument would be that the government failed to prove that he had distributed crack, as opposed to another form of cocaine base, thus making it an error to sentence him under a Guidelines provision applicable only to crack. See United States v. Adams, 125 F.3d 586, 590-92 (7th Cir.1997). The first problem for Scott is that he failed to raise this issue at sentencing and thus he has forfeited it, making reversal only possible upon showing of plain error. United States v. Olano, 507 U.S. 725, 731-35 (1993); United States v. Wilson, 134 F.3d 855, 862-63 (7th Cir.1998). The second problem for Scott is that the evidence overwhelmingly demonstrates that Scott in fact distributed crack.
 
 
 6
 There is undoubtedly sufficient evidence to prove that Scott in fact distributed crack cocaine. Compare United States v. Mattison, 153 F.3d 406, 412 (7th Cir.1998); United States v. Benjamin, 116 F.3d 1204, 1207 (7th Cir.1997). First, he stipulated to the fact that he distributed "crack cocaine," an admission that by itself is sufficient to sustain his sentence. See United States v. Valenzuela, 150 F.3d 664, 668 (7th Cir.1998). Second, at the plea colloquy Scott agreed that the government could prove he distributed "crack cocaine." Third, he agreed to plead guilty to a charge described as distribution of "cocaine base, commonly known as crack cocaine." Finally, Scott never objected to the government's or the pre-sentence report's factual characterization of his offense as one involving the distribution of crack cocaine. Moreover, there is no evidence that the substance Scott distributed was not crack and no indication that the court was confused or unaware of its duty under Adams to find that Scott had in fact distributed crack. Thus, it would be frivolous to argue that the district court committed plain error in sentencing Scott under a Guidelines provision applicable to distribution of crack.
 
 
 7
 Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.