UNITED STATES of America,
Plaintiff–Appellee,

v.

Orvid V. GARRETT, Defendant–
Appellant.

No. 97–2070.

United States Court of Appeals,
Seventh Circuit.

Argued April 7, 1999.

Decided Sept. 1, 1999.

Stephen B. Clark (argued), Ranley R. Killian, Jr., Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Brent A. Hannafan (argued), Baker & McKenzie, Chicago, IL, for Defendant–Appellant.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Orvid Garrett stands convicted of four counts of distribution of cocaine base. *See* 21 U.S.C. § 841(a)(1). Mr. Garrett contends on appeal that the Government failed to establish at sentencing that the cocaine base was crack cocaine. For the reasons set forth in this opinion, we reverse the judgment of the district court and remand the case for proceedings consistent with this opinion.

# I

## BACKGROUND

On June 7, 1994, a grand jury returned a four-count indictment against Mr. Garrett; the indictment charged him in each count with distribution of "cocaine base (commonly referred to as 'crack')." R.1. On October 3, 1994, Mr. Garrett pleaded guilty to all four counts; at that time, he signed a written stipulation of facts, which stated that he "distributed cocaine base (commonly referred to as 'crack')." R.40. The stipulation also noted that a laboratory analysis of the substance indicated that the "total weight of the *cocaine base* sold by Mr. Garrett was 5.8 grams." R.40 (emphasis added).

At the plea hearing, the district court explained to Mr. Garrett that, if he pleaded guilty, he would be sentenced for dis-

tributing between 5 and 20 grams of crack cocaine. The assistant United States attorney represented to the district court that the Government would be able to prove at a trial that Mr. Garrett sold "cocaine base"; he did not refer specifically to crack cocaine. The district court accepted the plea and sentenced Mr. Garrett based on an offense level of 30, with a criminal history category of VI. The court sentenced him to 210 months of imprisonment, 5 years of supervised release and a fine.

Mr. Garrett appealed. His attorney filed a no-merits brief. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Garrett filed a lengthy response to this court's notice of counsel's motion to withdraw. Another counsel was appointed, and the case was argued in due course. We decided that Mr. Garrett should have received a one-level decrease for acceptance of responsibility. We therefore remanded the case to have the district court resentence Mr. Garrett based on an offense level of 29. *See United States v. Garrett,* 90 F.3d 210, 214 (7th Cir.1996). In our opinion, we specifically noted that, on remand, Mr. Garrett might argue before the district court any of the matters that he had raised in his pro se submission filed in response to the motion to withdraw of his former counsel.

On April 25, 1997, the district court resentenced Mr. Garrett. At the sentencing hearing, Mr. Garrett objected to being sentenced for distribution of crack, as opposed to another form of cocaine base. He contended that the Government had not established that the substance was crack cocaine. The district court rejected this argument and resentenced Mr. Garrett to 188 months of imprisonment, a $2,000 fine and 5 years of supervised release. The district court indicated that Mr. Garrett could appeal the determination that the drug he distributed was crack and directed the clerk's office to file a notice of appeal on Mr. Garrett's behalf. Mr. Garrett's counsel filed a no-merits brief. This court

granted the motion to withdraw but appointed present counsel.

## II

## DISCUSSION

The Sentencing Guidelines provide a much greater sentence for distribution of "crack" than for distribution of "cocaine." *See* U.S.S.G. § 2D1.1 & note (D). We noted in *United States v. Adams,* 125 F.3d 586 (7th Cir.1997):

> The sentencing enhancement for crack in relation to that for powder cocaine, in terms of the drug weights corresponding to specified guideline levels, is on the order of 100:1. Thus, possession of one ounce of crack receives the same sentence as possession of 100 ounces of powder cocaine.

*Id.* at 590.

■ Before November 1, 1993, the Sentencing Guidelines did not define the term "cocaine base." However, § 2D1.1 then was amended to provide:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c) note (D). Subsequent to the amendment, this court held that the Government has the burden of proving by a preponderance of the evidence that the drug distributed was crack instead of another form of cocaine base. *See Adams,* 125 F.3d at 592. We also indicated that this issue "deserves great care in application" because of the significant sentencing implications. *Id.* at 590. A defendant's admission that he distributed crack, as opposed to another form of cocaine, must be knowing and voluntary. *See United States v. James,* 78 F.3d 851, 856 (3d Cir.), *cert. denied,* 519 U.S. 844, 117 S.Ct. 128, 136 L.Ed.2d 77 (1996); *see also Adams,* 125

F.3d at 591–92 (agreeing with the reasoning of *James*).

█ The Government contends that Mr. Garrett knowingly and voluntarily admitted that the drug he distributed was crack when he entered his guilty plea after being informed that he was charged with distribution of crack. Furthermore, submits the Government, Mr. Garrett signed a stipulation stating that he "distributed cocaine base (commonly referred to as 'crack')." The Government argues that this evidence indicates that the drug was crack and serves as a waiver of Mr. Garrett's right to appeal the issue.

In our view, the record does not demonstrate adequately that Mr. Garrett's admission was knowing and therefore capable of establishing that the drug involved was crack rather than another form of cocaine base. We note that at the time of Mr. Garrett's resentencing, the district court did not have the benefit of our decision in *Adams* because that case had not yet been decided by this court. Although there were several references to crack in the proceedings, we must remember that, as in *United States v. Earnest*, 129 F.3d 906, 917 (7th Cir.1997), the distinction between crack and cocaine base for purposes of sentencing was not clear at that time. On the record before us, the pre-*Adams* references to the drug as crack are not sufficient to establish, by a preponderance of the evidence, that the drug was in fact crack and that Mr. Garrett understood the difference between crack and other forms of cocaine base for purposes of sentencing.[1] The terms "cocaine base" and "crack" were used interchangeably by the parties and the court, indicating that, at the time, they may not have understood the legal difference between the two. The situation before us is therefore substantially different from that which recently confronted us in *United States v. Earnest*, 185 F.3d 808 (7th Cir.1999) (*Earnest II*). Upon a remand from this court, the district court, after a thorough examination of the entire trial record, determined that the Government had proven by a preponderance of the evidence that the substance in question was crack. Both the Government and the defense attorneys had referred to the substance in those terms; two FBI agents and the Government's informant had referred to the substance as crack. Other law enforcement agents as well as the co-defendants used the same term. Indeed, the defendant had referred to the substance as crack. Here, we simply do not have the same quantum of evidence to establish that the substance in question was indeed crack.

The sentence is vacated and the case is remanded for further resentencing.[2] The district court must determine whether Mr. Garrett waived his right to contest the enhanced sentence by admitting, knowingly and voluntarily, that the substance was crack and, if not, whether the Government can prove, by a preponderance of the evidence, that the substance in question was crack.

> [T]he Government must prove by a preponderance of the evidence that the substance in question was crack. While this Court normally will not grant the government two opportunities to meet its burden of proof, a reopening of the record would be justifiable here because the government ... had no knowledge of this Court's decision in *United States*

---

1. *United States v. Valenzuela*, 150 F.3d 664 (7th Cir.1998), is not controlling. In that case, the defendant clearly understood the legal difference between crack and other forms of cocaine base. Indeed, he contested the finding that the substance was crack at first, but finally admitted it later. *See id.* at 668.

2. The Government contends that any error was harmless. It submits, cryptically and vaguely, that, because Mr. Garrett was sentenced as a career offender under U.S.S.G. § 4B1.1(c), the error in calculating his offense level did not affect his ultimate sentence. On remand, the district court may consider this issue unless it determines that the Government previously has waived reliance upon it.

*v. Adams* since it was decided after [the] sentencing hearing.

*Earnest,* 129 F.3d at 917 (citations omitted).

### Conclusion

For the foregoing reasons, the defendant's sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED