In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-1607

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLARD L. JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CR-30065-01—**William D. Stiehl**, *Judge.*

ARGUED SEPTEMBER 20, 2004—DECIDED FEBRUARY 1, 2005

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Willard L. Johnson was convicted after a jury trial on four counts of distributing, and one count of possessing with intent to distribute, "cocaine base (commonly known as 'crack')" within 1,000 feet of a school, 21 U.S.C. §§ 841(a)(1), 860, and sentenced to concurrent 168-month terms of imprisonment. Johnson's sole argument on appeal is that the district court erred in finding, for purposes of applying the sentencing guidelines, that the cocaine base he distributed was in crack form. Johnson concedes

that he stipulated at trial that drug exhibits introduced by the government were crack, but he contends that the court should not have relied on the stipulation at sentencing without first specifically finding that it was knowing and voluntary. We affirm.

## I. History

At trial the government introduced five exhibits containing crack. One was found on Johnson when he was arrested, and the others were purchased from him by an informant on four different occasions. Johnson did not dispute that each exhibit was crack. On the contrary, he and trial counsel signed a two-page stipulation separately identifying the contents of each of these five exhibits as a specific quantity of "cocaine base (commonly known as 'crack')." The government published to the jury the corresponding portion of the stipulation each time one of these drug exhibits was admitted into evidence. Trial counsel declared that Johnson did not object to any of the drug exhibits. Instead he argued that, notwithstanding the testimony of law enforcement officers and the informant, none of the five drug exhibits could have come from Johnson because he sold only marijuana, not cocaine in whatever form. The jury concluded otherwise.

At sentencing the district court relied on Johnson's trial stipulation in adopting the probation officer's recommended finding that the drug involved in his offenses was crack. Johnson—through new counsel appointed after trial—had argued in a motion for new trial that the stipulation should be disregarded because the court had not specifically determined that it was knowing and voluntary, and at sentencing he "renewed" that argument by reference to the motion. The court, without elaboration, denied Johnson's objection.

## II. Analysis

Johnson's sole argument on appeal is that our decision in *United States v. Garrett*, 189 F.3d 610 (7th Cir. 1999), requires a sentencing court to specifically find that a stipulation was knowing and voluntary before relying on it to conclude that a substance was crack. Because the sentencing court relied on his stipulation without specifically finding that it was knowing and voluntary, says Johnson, his guideline range should have been calculated using the lower base offense level for powder cocaine, rather than the level for crack. Johnson has made no argument that his sentence implicates *Blakely*'s application to the sentencing guidelines. *See United States v. Booker*, No. 04-104, 2005 WL 50108 (U.S. Jan. 12, 2005); *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

*A. Waiver*

The government argues that Johnson waived or at least forfeited this argument by not explicitly raising it in his written or oral objections to the presentence report. Although the question is close, on the facts here involved we conclude that counsel's "renewal" at sentencing of the arguments included in Johnson's motion for new trial preserved for appeal his objection to the use of the stipulation at sentencing. The reason for requiring contemporaneous objections is to assure that district judges have the opportunity to correct errors when they occur, *see Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999); *United States v. Atehortua*, 875 F.2d 149, 151-52 (7th Cir. 1989), and when the record evidences that the judge understood and ruled on the objection, that purpose has been satisfied, *see United States v. Martinez*, 988 F.2d 685, 698 (7th Cir. 1993). We think it significant that the government does not argue that the prosecutor failed to understand the objection and was hampered in responding, or that the district court was unable to grasp

the precise argument being made by Johnson. *See id.* Indeed, Johnson's shorthand reference to his earlier motion for new trial was, in this particular instance, enough to alert the district judge to his objection and preserve it for appeal. That does not mean that it has merit.

## B. *Johnson misunderstands* Garrett

*Garrett* does not require a sentencing court to engage in a colloquy with a defendant before relying on a stipulation that the drug involved in the offense was crack. Defendants regularly stipulate to facts at trial that will increase their sentence if they are found guilty. *See Harris v. United States*, 536 U.S. 545, 571 (2002) (noting that drug defendants often "enter into a stipulation before trial as to drug amounts to be used at sentencing"); *United States v. Wren*, 363 F.3d 654, 662 (7th Cir. 2004) (upholding upward adjustment in prosecution for conspiracy to unlawfully transport firearms in interstate commerce based on trial stipulation that defendant supplied fifty firearms to co-conspirators); *United States v. Collins*, 272 F.3d 984, 987-88 (7th Cir. 2001) (trial stipulation to drug quantity); *United States v. Benjamin*, 116 F.3d 1204, 1207 (7th Cir. 1997) (trial stipulation to drug type). And plea agreements routinely include stipulations of facts relevant to sentencing. *See* U.S.S.G. § 6B1.4; *United States v. Cyr*, 337 F.3d 96, 100 (1st Cir. 2003) (stipulation to managerial role in drug conspiracy); *United States v. Coleman*, 318 F.3d 754, 758 (7th Cir. 2003) (drug quantity); *United States v. Wallace*, 276 F.3d 360, 369 (7th Cir. 2002) (drug type and quantity); *United States v. Bradbury*, 189 F.3d 200, 201-02 (2d Cir. 1999) (offense level for conspiracy to commit kidnapping increased based on defendant's stipulation that conspiracy also involved marijuana trafficking); *United States v. Miller*, 166 F.3d 1153, 1155 (11th Cir. 1999) (selecting offense guideline based on defendant's stipulation to using electronic mail to solicit

teenagers to engage in sexual activity). We have never required district judges to engage in a colloquy with defendants concerning the voluntariness of stipulations or the sentencing implications of the stipulated facts before sanctioning a sentencing court's reliance on the undisputed facts. And *Garrett* does not create a special rule for stipulations concerning crack.

The defendant in *Garrett*, like Johnson, was sentenced under the higher base offense level for crack after he entered a stipulation identifying the drug he distributed as "cocaine base (commonly referred to as 'crack')." 189 F.3d at 610. We vacated the defendant's sentence, not because of any error by the district court in accepting or applying the stipulation, but because uncertainty in the state of the law when the stipulation was signed made it impossible to determine its intended meaning. *Id.* at 612. Before 1993 the sentencing guidelines did not define the term "cocaine base," and some courts interpreted the term to include not just crack, but all forms of cocaine base. *See, e.g., United States v. Rodriguez*, 980 F.2d 1375, 1378 (11th Cir. 1992); *United States v. Jackson*, 968 F.2d 158, 162 (2d Cir. 1992); *United States v. Williams*, 962 F.2d 1218, 1227 (6th Cir. 1992); *United States v. Pinto*, 905 F.2d 47, 49 (4th Cir. 1990); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir. 1990). In 1993, Congress amended the guidelines to provide that "'[c]ocaine base,' for purposes of this guideline, means 'crack.'" U.S.S.G. § 2D1.1(c)(D); *see* U.S.S.G. Manual, App. C, Amend. 487. In *United States v. Adams*, 125 F.3d 586, 592 (7th Cir. 1997), we held that under the amended definition the higher base offense level for "cocaine base" applies only to the rock-like form of cocaine known on the street as "crack," and that the lower base offense level for "cocaine" applies to all other forms of cocaine base, as well as cocaine powder. The parties in *Garrett* entered their stipulation before we decided *Adams*; thus, we were unable to determine the stipulation's intended meaning because, as a matter of law, "the distinction

between crack and cocaine base for purposes of sentencing was not clear." 189 F.3d at 612.

Johnson, on the other hand, entered the challenged stipulation almost six years after we decided *Adams*. Though the language of his stipulation is virtually identical to that of the defendant in *Garrett*, Johnson could not have misunderstood its legal effect. As with other contracts, courts interpret stipulations according to the objective intentions of the parties. *United States v. Sandles*, 80 F.3d 1145, 1147 (7th Cir. 1996). Thus, we do not look beyond the four corners of the agreement unless the stipulation is reasonably subject to more than one interpretation. *See Washington Hosp. v. White*, 889 F.2d 1294, 1299-1300 (3d Cir. 1989). The phrase "cocaine base (commonly known as 'crack')" was ambiguous until we clarified the legal definitions of "cocaine base" and "crack" in *Adams*. Thus, the stipulation at issue in *Garrett*, because it was entered without the benefit of *Adams* was capable of more than one reasonable interpretation, while the same stipulation signed by Johnson years after *Adams* is not. Because Johnson's stipulation is clear on its face, we do not look beyond its four corners. We interpret his stipulation according to the objective intention of the parties—that the drug involved in his offense was specifically cocaine base in crack form.

In *Garrett* we acknowledged that a "defendant's admission that he distributed crack, as opposed to another form of cocaine, must be knowing and voluntary," 189 F.3d at 611, but we did not—as Johnson contends—fashion new procedural hurdles that a district judge must comply with before accepting a stipulation or relying on it as evidence at sentencing. And plainly we did not create a special rule for stipulations concerning crack. Rather, we merely applied the rule for waiver—a defendant does not waive his right to contest a court's application of a sentencing adjustment by admitting the existence of the adjustment's factual predicate unless his admission was "knowing and voluntary."

*See*, *e.g.*, *United States v. Wimbush*, 337 F.3d 947, 951 (7th Cir. 2003). However, "a specific dialogue with the judge is not a necessary prerequisite to a valid waiver" if there is other evidence in the record demonstrating a knowing and voluntary waiver. *See United States v. Agee*, 83 F.3d 882, 886 (7th Cir. 1996) (expressly rejecting argument that appeal waiver is valid only if accepted after colloquy with defendant). Thus, "most waivers are effective when set out in writing and signed." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Because the stipulation in *Garrett* was facially ambiguous, it followed that we could not accept it as a knowing and voluntary waiver of the defendant's claim that the drug he distributed was cocaine base but not crack. But Johnson had the benefit of *Adams*, and we need not look further to conclude that by entering a like stipulation, he knowingly and voluntarily waived his right to contest application of the higher base offense level for crack.

### III.  Conclusion

For the foregoing reasons, we AFFIRM.

A true Copy:

      Teste:

 

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
