UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 19, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2746

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 3:03-30115-001 |
| MILTON E. LACY, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Milton Lacy pleaded guilty to possession with intent to distribute at least 5 grams of crack, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and the district court sentenced him to 188 months' imprisonment and five years' supervised release. Lacy's guilty plea was entered pursuant to a written agreement that includes a limited appeal waiver; Lacy reserved the right to challenge on appeal the calculation of his imprisonment range under the sentencing guidelines if the district

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

court did not accept the parties' stipulation as to Lacy's expected range, and Lacy now appeals. His retained counsel filed an opening brief but then withdrew after the government responded, and Lacy is now proceeding pro se and has filed a supplemental brief augmenting counsel's submission. We affirm the district court's judgment.

Lacy first argues on appeal that the district court erred in finding that his total criminal history points placed him in Category IV; the parties originally stipulated to Category II, but Lacy now argues he should be placed in Category III. The discrepancy arises from Lacy's three convictions for driving on a revoked or suspended license, all of which were incurred in 2002. The court assigned one point for each conviction. Lacy submits that the offenses are "related" and should have counted as a single conviction because all three were consolidated for sentencing. *See* U.S.S.G. § 4A1.2(a)(2) and cmt. n.3 (2005). The government submits that Lacy waived this argument by objecting and then withdrawing his objection at sentencing. *See United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004). We disagree. There was, we acknowledge, some confusion at sentencing concerning whether Lacy intended to persist with this objection. But in the end the district court specifically addressed whether criminal history points should be assessed for each conviction, and thus we conclude that Lacy did all that was necessary to satisfy the contemporaneous-objection rule. *See United States v. Johnson*, 396 F.3d 902, 904 (7th Cir. 2005) (explaining that reason for requiring contemporaneous objection is satisfied if record demonstrates that judge understood and ruled on objection); *see also United States v. Baretz*, 411 F.3d 867, 875 (7th Cir. 2005) ("Waiver occurs when a defendant *intentionally* relinquishes a known right." (emphasis added)). That said, Lacy's argument is frivolous. The three driving offenses were separated by intervening arrests, and thus by definition they are unrelated and must be counted separately. U.S.S.G. § 4A1.2 cmt. n.3 (2005); *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003); *United States v. Bradley*, 218 F.3d 670, 673 (7th Cir. 2000).

Lacy also argued at sentencing that, if all of his driving offenses should count separately, then the district court should grant him a "downward departure" on the premise that his criminal history category is overstated. *See* U.S.S.G. § 4A1.3(b). The court declined to do so, and Lacy characterizes this decision as erroneous. The government, for its part, contends that we have no jurisdiction to address this claim of error because the district court was aware of its authority to depart but simply refused as a matter of discretion. It is true that the government's characterization of the scope of our appellate jurisdiction was the rule before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). But as we recently explained, *Booker* compels that we review "all sentences for reasonableness in light of the factors specified" in 18 U.S.C. § 3553(a), and thus "we necessarily must scrutinize, as part of that review, the district court's refusal to depart from the advisory

sentencing range." *United States v. Vaughn*, No. 05-1518, 2006 WL 29208, at *5 (7th Cir. Jan. 6, 2006) (citing *United States v. Arnaout*, Nos. 03-3297 & 03-3412, 2005 WL 3242213, at *7 (7th Cir. Dec. 21, 2005)).  Nonetheless, in this instance we will not review the district court's refusal to sentence Lacy below the guideline range because his appeal waiver precludes him from challenging the court's decision.  Lacy reserved the right to contest the sentencing court's calculation of the appropriate range, not to complain if the court sentenced him within a correctly calculated range.  Lacy does not say that he wants his guilty plea set aside; it follows that he is also bound by his appeal waiver.  *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (explaining that waiver of appeal "stands or falls" with the plea); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001) (same).

That waiver also answers Lacy's contention that he must be resentenced because of the subsequent decision in *Booker*.  An appeal waiver forecloses even arguments based on favorable changes in the law that occurred after that waiver was executed unless it includes an explicit "escape hatch," and we have said this rule applies equally to *Booker* claims.  *E.g.*, *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005).  Lacy's waiver contains no such exception.

AFFIRMED.