# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-2459

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ZAN MORGAN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 02-CR-141-C-02—**Barbara B. Crabb**, *Chief Judge.*

———————

ARGUED DECEMBER 1, 2003—DECIDED DECEMBER 31, 2003

———————

Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Zan Morgan was convicted by a jury of distributing crack cocaine and has been sentenced to 154 months' imprisonment. The evidence shows that Thomas Green called Morgan, requesting a delivery of cocaine, and that Dezel Jones delivered the drug to Green later that day. In order to convict Morgan, the jury had to conclude that Jones acted as his agent. To show agency, the prosecutor asked Green about his previous dealings with Morgan. Green testified that he bought cocaine from Morgan three or four times a week for an extended period, and that Jones frequently delivered the merchandise. Green

also related the slang (or perhaps code) phrases he and Morgan had exchanged to reach their deals.

Morgan objected to these aspects of Green's testimony, calling it other-crime evidence offered to show propensity to commit new offenses. See Fed. R. Evid. 404(b); *United States v. Beasley*, 809 F.2d 1273 (7th Cir. 1987). Whatever this evidence showed, however, it was not (exclusively) "other" crimes. The goal was to establish that Jones was acting as Morgan's agent, an essential step toward proving *this* crime. It is hard to see how agency could have been shown without demonstrating that Green and Morgan had an established business relation in which Morgan used a courier for delivery. Details such as the transacting parties' lingo and quantities were essential to lend verisimilitude to Green's claim. A tale bereft of narrative is hard either to follow or to credit. Perhaps the prosecutor went overboard, eliciting more than was necessary to flesh out Green's story. But there are no bright line rules for how much is too much, so we must rely principally on the good sense of district judges to keep things within appropriate bounds. That discretion was not here abused. A defendant who wants to curtail the use of facts that are simultaneously both vital and prejudicial should approach the prosecutor with a proposal that the parties stipulate to the fact in question (here, that Jones was acting on Morgan's behalf). See *Old Chief v. United States*, 519 U.S. 172 (1997). Morgan did not make such an offer, likely because the stipulation would have been no less damning than Green's actual testimony. There is accordingly no reason to upset the verdict.

As for the sentence: Morgan received criminal history points on account of two convictions for continuing to drive after his license had been revoked. These points increased his criminal history level and sentencing range. Morgan contends that the two convictions were "related" and should have been counted only once. See U.S.S.G. §4A1.2(a)(2). Application Note 3 to that section contains this definition of

"related" cases:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

The district court found that Morgan's two offenses were separated by an "intervening arrest"—which is to say, his initial arrest and citation on May 5, 1999. (The second occurred 15 days later.) The idea behind the relatedness rule is that a single criminal episode may give rise to multiple convictions (for example, conspiracy to distribute drugs plus possessing drugs with intent to distribute plus actual distribution) and should count only once no matter how the prosecutor drafts the charges; but a defendant who commits a crime, is arrested for that offense, and then commits another crime is a recidivist whose criminal record should be tallied in full. See *United States v. Coleman*, 38 F.3d 856, 860 (7th Cir. 1994).

According to Morgan, however, he was not "arrested" on May 5 but was just "stopped." The officer issued a citation requiring him to appear in court and did not escort him to jail. Only a visit to a jail cell counts as an "arrest" for purposes of Application Note 3, Morgan insists. Yet it is hard to see why this should be so. No matter what word is used, Morgan was caught red handed, driving after his license's revocation. He went right on committing that offense. Clever charging practices did not multiply his convictions; his failure to adhere to the law following his initial apprehension is the root cause. Calling the traffic stop an "arrest" implements the Sentencing Commission's goal. At all

events, there is no ambiguity. A traffic stop is an "arrest" in federal parlance. See *Whren v. United States*, 517 U.S. 806 (1996); *United States v. Childs*, 277 F.3d 947 (7th Cir. 2002) (en banc). Cf. *California v. Hodari D.*, 499 U.S. 621 (1991). Morgan was halted and prevented from leaving until the officer released him. (This process differs from filing a complaint, which unlike an arrest does not require probable cause and does not entail even brief custody. See *United States v. Joseph*, 50 F.3d 401 (7th Cir. 1995).) Morgan could have been taken to the stationhouse, converting a street arrest to a full custodial arrest. See *Atwater v. Lago Vista*, 532 U.S. 318 (2001). That a simple arrest did not become a full custodial arrest does not matter for the Guidelines' purpose; Note 3 refers to "arrest" rather than to extended custody because it is the apprehension followed by a new offense that identifies the recidivist. Morgan's sentence was calculated correctly.

AFFIRMED

No. 03-2459 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*