NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 22, 2009
Decided July 22, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3890

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 396 |
| GUILLERMO RIVERA, *Defendant-Appellant*. | Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

In the spring of 2006, Guillermo Rivera embarked on a bank-robbery spree, hitting at least four Illinois banks on four separate occasions. Each time he disguised himself by wearing either a dreadlock wig or a shirt with security-guard insignia, handed the teller a demand note, took whatever funds the teller handed over, and fled. In all he got away with over $16,000. Federal investigators caught up with Rivera in Indiana, where his string of bank robberies had continued. Indictments followed in both the Northern District of Indiana and the Northern District of Illinois. In the latter district Rivera pleaded guilty to four counts of bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced to a total of 104 months' imprisonment. Rivera has filed notice of appeal from that judgment, but his

appointed attorney has moved to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Rivera to comment on counsel's motion, *see* CIR. R. 51(b), but he has not responded. Thus, our review is limited to the potential issues identified in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel does not explore whether Rivera could argue that his guilty plea was not knowing and voluntary. That omission is appropriate, however, because Rivera has not indicated that he wants his plea set aside. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Accordingly, counsel properly limits his discussion to Rivera's potential sentencing challenges.

First, counsel considers whether Rivera could argue that the district court erred in computing his criminal history category. At sentencing the court assigned Rivera a total of ten criminal history points with a resulting category of V. The first nine points derived from two felony convictions for theft and one for aggravated assault; an intervening arrest separated each crime, and Rivera received separate sentences for each conviction. Any challenge to the court's decision to treat the convictions as separate in calculating Rivera's criminal history would thus be frivolous. *See* U.S.S.G. § 4A1.2(a)(2); *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003). Rivera's tenth criminal history point resulted from the pending indictment in the Northern District of Indiana; Rivera had pleaded guilty to three more counts of bank robbery in that district and was awaiting sentencing when the district court imposed the sentence in this case. *See* U.S.S.G. § 4A1.2(a)(4); *United States v. Duncan*, 230 F.3d 980, 987 (7th Cir. 2000).

Counsel next recognizes that, at sentencing, Rivera and the government agreed that his total offense level should be 24, and so Rivera waived any challenge to this determination. *See United States v. Adcock*, 534 F.3d 635, 641-42 (7th Cir. 2008); *United States v. Cunningham*, 405 F.3d 497, 502 (7th Cir. 2005). Counsel then turns to the only remaining potential argument: whether Rivera could challenge the reasonableness of his overall prison sentence. Rivera's total offense level of 24, combined with his criminal history category of V, resulted in a guidelines imprisonment range of 92 to 115 months. The district court sentenced Rivera in the middle of this range. In arriving at this sentence the court considered the factors under 18 U.S.C. § 3553(a), including Rivera's close family connections and previous stable work history as well as the dangerousness of bank robberies and the need for deterrence. Because the court sentenced Rivera to a term within a properly calculated guidelines range and gave due consideration to the § 3553(a) factors, we presume that this sentence is reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Williams*, 553 F.3d 1073, 1083 (7th Cir. 2009). Counsel has identified

no reason why the presumption should not apply in Rivera's case, and therefore we concur that any reasonableness challenge would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.