**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4160

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

ANTHONY JEROD RAVENELL,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19−cr−00040−KDB−DSC−1)

Submitted:  May 21, 2021                                        Decided:  October 13, 2021

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Ravenell pleaded guilty to three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced him to 96-months' imprisonment. He now appeals that sentence, challenging the district court's application of § 4A1.2(a)(2) of the United States Sentencing Guidelines ("U.S.S.G.") when calculating his criminal-history category. Ravenell also argues that his sentence is procedurally unreasonable because the district court didn't consider his nonfrivolous arguments for a lesser sentence and placed undue weight on his criminal history. We affirm.

## I.

Ravenell sold a firearm to a confidential informant on November 14, 2018. Two days later, he sold the informant two more firearms. And five days after that, he sold the informant two more firearms. A federal grand jury indicted Ravenell on three counts of possession of a firearm by a felon.[1] He pleaded guilty to all three offenses.

The presentence report ("PSR") calculated Ravenell's Guidelines range as 84 to 105 months in prison, based on a total offense level of 25 and a criminal-history category of IV. As part of Ravenell's criminal history, the PSR included a November 2012 traffic stop during which he was cited for possession of marijuana and drug paraphernalia but not arrested. A year later, police arrested Ravenell and charged him with possession of

---

[1] Ravenell has a long criminal history, including convictions for common law robbery as well as aiding and abetting common law robbery, both of which involved the use of a firearm.

marijuana, possession of drug paraphernalia, and maintaining a dwelling for the distribution of controlled substances. In both instances, Ravenell was convicted only of possession of drug paraphernalia.

The PSR counted the criminal citation as an "intervening arrest" under U.S.S.G. § 4A1.2(a)(2), which provides that, if a defendant has multiple prior sentences, those sentences "always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." Ravenell received two criminal-history points for the citation, two more points for the later arrest, and three points for other prior convictions.

Ravenell objected to the PSR's criminal-history calculation, arguing that a citation isn't an intervening arrest. Had the district court agreed, Ravenell's criminal-history category would have dropped to III, resulting in a Guidelines range of 70 to 87 months. But the district court overruled the objection, viewing the citation as an arrest under § 4A1.2(a)(2).

The district court found that, even without counting the citation, it would have varied upward to impose the same 96-month prison sentence because the Guidelines didn't account for the seriousness of Ravenell's crimes. Although the Guidelines included points for Ravenell's prior robbery convictions, they didn't account for his use of a firearm during the robberies. As for Ravenell's guilty plea to the felon-in-possession counts, the government asserted (and the court agreed) that the Guidelines didn't reflect how Ravenell had intended to put the weapons "in the [stream] of commerce" with no "idea where they

3

would wind up." J.A. 55. The court also noted that Ravenell had 10 new charges (from four separate arrests) pending in North Carolina state court at the time of sentencing.[2]

This appeal followed.

II.

We review a sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "First, we evaluate procedural reasonableness . . . . If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation omitted).

Ravenell asserts that his sentence is procedurally unreasonable because the district court (1) failed to address his nonfrivolous mitigating arguments, (2) placed undue weight on his criminal history, and (3) incorrectly determined that a criminal citation constitutes an "intervening arrest" under § 4A1.2(a)(2). We consider each contention in turn.

A.

We first address Ravenell's arguments that the district court ignored his nonfrivolous arguments for a lesser sentence and placed undue weight on his criminal

_____

[2] The charges included maintaining a vehicle/dwelling/place for the distribution of a controlled substance, possession of drug paraphernalia, possession with intent to distribute cocaine, possession with intent to distribute marijuana, possession of cocaine, trafficking in cocaine, and simple possession of a Schedule VI controlled substance.

history. These are two sides of the same coin: Ravenell essentially contends that the court improperly emphasized his criminal history at the expense of various mitigating factors. We disagree.

Under 18 U.S.C. § 3553(a), a district court must impose a sentence sufficient but not greater than necessary to (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (2) "afford adequate deterrence to criminal conduct;" (3) "protect the public from further crimes of the defendant;" and (4) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." A sentence is unreasonable when the court assigns "excessive weight to any relevant factor." *See United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006).

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (cleaned up). In doing so, the "court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Of course, "the adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (cleaned up).

Ravenell advanced four mitigating arguments in the district court: (1) he enjoyed strong family support; (2) he obtained his GED and wanted to continue his education; (3)

any sentence over one year in prison would provide adequate deterrence because he had never been in custody that long; and (4) his youth suggested a greater likelihood of rehabilitation. We find no error in the court's consideration of these arguments.

The district court expressly addressed Ravenell's first two points. It considered a letter from the mother of Ravenell's child attesting to his character and responsibility. And it also recommended that Ravenell be incarcerated at a nearby facility that offered vocational programs.

The district court didn't explicitly discuss Ravenell's third point that a year in prison would constitute adequate deterrence. But "we will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate under the circumstances." *United States v. Lester*, 985 F.3d 377, 386 (4th Cir. 2021) (cleaned up).

In this case, the district court reviewed Ravenell's criminal history and the charges pending in state court,[3] which showed that shorter prison sentences hadn't deterred Ravenell. The court explained that, per § 3553(a), the 96-month sentence it imposed

---

[3] Ravenell says the district court shouldn't have considered the pending state charges because it wasn't clear there had yet been a probable cause determination for those charges. But the court accurately described the status of the charges and noted only that it was "concerned" about them. J.A. 56. We see nothing improper about that statement, especially because Ravenell hasn't shown the information recited by the court was "inaccurate or untrue." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

"affords adequate deterrence to criminal conduct and protects the public from further crimes of this defendant." J.A. 57. And although it's typically insufficient for a district court to simply recite the § 3553(a) factors, *Carter*, 564 F.3d at 329, the court here did more.

Ravenell is right that the district court never discussed his final claim that, as a 28-year-old, he has rehabilitative potential. Indeed, if Ravenell had offered any specific argument on the point, this might be a different case. *See, e.g.*, *Nance*, 957 F.3d at 213–14 (discussing the court's engagement with the defendant's argument that "his more recent criminal conduct – after his release from prison in 2013, at age 28 – was no longer violent, reflecting a new capacity for self-control and potential for rehabilitation").

But Ravenell offered nothing of the kind. Even now, he cites only *United States v. Howard*, 773 F.3d 519, 532 (4th Cir. 2014), in which we recognized youth as a mitigating factor for a defendant who was a juvenile when he committed most of his crimes. *See id.* (citing *Roper v. Simmons*, 543 U.S. 551, 569–70 (2005)). The problem for Ravenell is that he was an adult when he committed all but one of his crimes. If Ravenell is faulting the district court for ignoring his capacity to change for the better, that argument applies to all defendants. Were we to fault the court for failing to expressly consider such a truism, we would essentially require the "vacation of innumerable otherwise-lawful sentences for the judge's failure to state the obvious." *Lester*, 985 F.3d at 388. We are instead persuaded that a defendant's capacity for change "is inevitably considered . . . by the sentencing judge in every case, and . . . need not be expressly mentioned on the record." *Id.* (cleaned up).

Nor did the district court assign undue weight to Ravenell's criminal history. Rather, its focus there was reasonable—because criminal history informs several § 3553(a) factors (including the history of the defendant, deterrence, and the need to avoid unwarranted sentencing disparities among defendants with similar records) and it addressed Ravenell's "central thesis" that the chosen sentence was excessive. *Nance*, 957 F.3d at 214 (explaining that when the court addresses the defendant's "central thesis," it need not "address separately each supporting data point marshalled on its behalf").

We hold that the district court adequately considered Ravenell's arguments for a lesser sentence.

## B.

Ravenell also contends his sentence is procedurally unreasonable because the district court erred in counting a citation as an intervening arrest under § 4A1.2(a)(2) when calculating his criminal-history category.[4]  But even if we assume that Ravenell is right, any error was harmless.

Generally, "failing to calculate the correct Guidelines range constitutes procedural error" because "district courts *must* begin their analysis with the Guidelines." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (cleaned up).  But "as with most types of errors in

---

[4] Although four of our sister circuits have said that a traffic stop followed by a citation doesn't constitute an intervening arrest under § 4A1.2(a)(2), one circuit has held otherwise. *Compare United States v. Ley*, 876 F.3d 103, 109 (3d Cir. 2017) (holding that a citation isn't an arrest), *United States v. Wright*, 862 F.3d 1265, 1283 (11th Cir. 2017) (same), *United States v. Powell*, 798 F.3d 431, 440 (6th Cir. 2015) (same), *and United States v. Leal-Felix*, 665 F.3d 1037, 1038–39 (9th Cir. 2011) (en banc) (same), *with United States v. Morgan*, 354 F.3d 621, 624 (7th Cir. 2003) (holding that a citation is an arrest).

a criminal proceeding, procedural errors at sentencing" are "subject to harmlessness review." *United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012) (cleaned up). An erroneous Guidelines calculation is harmless when "the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up).

Here, the record shows that—Guidelines error or not—the district court would have imposed the same 96-month prison term. *See* J.A. 56 (the court finding that "even if [it] had granted the objection to the criminal history calculation, . . . the Court would vary upward for an underrepresented criminal history . . . for a great number of reasons," which it then detailed). Because the court was abundantly clear "the sentence it chose was appropriate irrespective of the Guidelines range" and explained why based "on factors independent of the Guidelines," we can take the court at its word. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346–47 (2016); *see also Mills*, 917 F.3d at 330–31 (finding harmless error where the district court stated it would have imposed the same sentence even if a different Guidelines range applied).

We thus "proceed to the second step of the inquiry": whether Ravenell's sentence would still be substantively reasonable. *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014). To do that, we "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (cleaned up).

9

When "reviewing a sentence outside the Guidelines range, we give due deference to the district court's decision that the § 3553(a) factors, on [the] whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (cleaned up).

Here, the 96-month prison term is a modest nine months more than the upper limit of Ravenell's favored sentencing range. And the court offered sufficient explanation to justify this slight upward variance: it specifically mentioned Ravenell's long criminal history, the need to avoid unwarranted disparities between similarly situated defendants, and the seriousness of the offenses.

The district court also incorporated the government's arguments related to Ravenell's criminal history and the seriousness of his past crimes into its sentencing determination. In particular, the government argued (and the court agreed) that Ravenell's criminal history "[isn't] really driven by the drug paraphernalia[,] . . . it's aiding and abet[ting] common law robbery" while "having in his possession and threatening use of a firearm." J.A. 54. And though the Guidelines accounted for the robbery offense, they didn't account for Ravenell's use of a firearm during the robbery. The court thus concluded that this portion of Ravenell's criminal history was underrepresented.[5]

The district court also endorsed the government's argument that "[h]aving firearms kind of floating around in the community and not knowing where they came from or who they belong to is of great concern." J.A. 55. Because Ravenell's offenses involved the

---

[5] Ravenell argues that "[t]he district court's myopic focus on [his] mostly juvenile criminal history resulted in a substantively unreasonable sentence." Appellant's Br. at 25. But the court considered only one such juvenile offense (possessing drug paraphernalia).

sale of firearms, the court agreed that his felon-in-possession convictions didn't fully capture the seriousness of those offenses.

As for the citation, the court reasoned that not counting it "as an arrest for purposes of the guidelines would be to act as if it never happened." J.A. 42–43. This raised the possibility "that some defendants might face criminal history category points based solely on whether the officer decided to arrest or not." J.A. 43. The court thus worried an officer's choice "would lead to great disparity among similarly situated defendants." *Id.* As a result, the court found that even if the citation didn't have "any effect on his criminal history category, . . . it would justify an upward variance for an underrepresented criminal history." *Id.*

We agree with the district court's reasoning and therefore hold that the purported Guidelines error is harmless.

## III.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*