*United States v. Kimberly Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st of December, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> REENA RAGGI
> > *Circuit Judge*,
> ERIC N. VITALIANO,
> > *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                   20-2239

SHANE CASEY, HAMZA SHARIFSHOBLE,

> *Defendants*,

KIMBERLY JONES,

> *Defendant-Appellant*.

_____

---

[*] Judge Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

For Appellee:                        NIKOLAS P. KEREST, Assistant United States Attorney, *for* Jonathan A. Ophardt, Acting United States Attorney, District of Vermont, Burlington, VT.

For Defendant-Appellant:        STEVEN Y. YUROWITZ, Newman & Greenberg LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kimberly Jones ("Jones") appeals from a July 6, 2020 judgment of conviction, sentencing her principally to forty-five months' imprisonment, following her guilty plea to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(C).   On appeal, Jones argues that the district court committed procedural error in its base offense level calculation and criminal history category assessment for United States Sentencing Guidelines ("Guidelines") purposes.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.  Base Offense Level**

Jones first argues that the district court erred in calculating her base offense level under the Guidelines.   She contends that the district court failed to accurately determine the relevant drug quantity by neglecting to exclude amounts of methamphetamine that Jones possessed not for distribution, but for her personal use.   For the following reasons, we disagree.

In determining the quantity of drugs relevant to a defendant's offense level under the Guidelines, U.S.S.G. § 1B1.3(a)(2) requires that "only drugs 'that were part of the same course of conduct or common scheme or plan as the offense of conviction' . . . be considered." *United States v. Williams*, 247 F.3d 353, 357 (2d Cir. 2001) (quoting U.S.S.G. § 1B1.3(a)(2)).   "[A]ny

fractional quantity of drugs intended for personal use must [accordingly] be excluded" when a defendant's course of conduct involves only the distribution of drugs because when "there is no conspiracy at issue, the act of setting aside narcotics for personal consumption is not only not a part of a scheme or plan to distribute these drugs, it is actually exclusive of any plan to distribute them." *Id.* (emphasis omitted).

Here, however, Jones's course of conduct included not only the distribution of methamphetamine, but participation in a conspiracy to distribute. In her plea agreement, Jones stipulated to the following facts:

> During the time period of April 2019 through October 2019, KIMBERLY JONES, with other individuals, including but not limited to her co-defendants in this case, knowingly and intentionally communicated about, arranged, agreed, and participated in many other distributions of methamphetamine in Vermont.

App'x at 17. At Jones's sentencing hearing, defense counsel conceded that Jones "was a part of a conspiracy." App'x at 57. Moreover, the district court affirmed during Jones's sentencing hearing that she "was surviving and feeding her habit *off the conspiracy*," and "that *this conspiracy* was driven in part by addiction and that some of the drugs that were purchased from the supplier were consumed *by the participants* who were distributing them." App'x at 79–80 (emphasis added).

In such circumstances, the district court did not err in declining to exclude from its calculation of drug quantity amounts consumed by Jones and other co-conspirators. Borrowing from the Seventh Circuit's decision in *United States v. Wyss*, 147 F.3d 631 (7th Cir. 1998), we explained in *United States v. Williams* as follows:

> Suppose that X sells Y a kilogram of cocaine in circumstances that make Y a conspirator with X and not merely a buyer from him. The amount of drugs involved in the conspiracy is unaffected by the use that Y makes of the drugs. It makes no difference whether he sells the entire amount and buys drugs for his

personal consumption on the open market with the proceeds or keeps a portion of the drugs to consume personally as compensation for his participation in the conspiracy.

*Williams*, 247 F.3d at 358 (alterations omitted) (quoting *Wyss*, 147 F.3d at 632). Jones's personal use of methamphetamine was part of the same course of conduct — the same conspiracy — as her distribution of methamphetamine. *See* U.S.S.G. § 1B1.3(a)(2). Accordingly, the district court did not err by including Jones's personal use methamphetamine as part of its base offense level calculation.

Moreover, even assuming that Jones were entitled to a personal use discount, she would not be entitled to relief on this appeal. The district court computed Jones's Guidelines range from a base offense level of 34. The minimum drug quantity for a base offense level of 34 under the Guidelines is 500 grams, but Jones's offense involved 1,017 grams of methamphetamine in total. In order to affect her base offense level, then, Jones would have to demonstrate her entitlement to a personal use discount of over 50%. While the district court agreed to take into consideration the fact that Jones personally used some drugs in her possession, it declined to credit Jones's claim that 60% of the total drug quantity was intended for personal use. Accordingly, we conclude that even if Jones were entitled to a personal use discount of *some* degree, the district court did not commit clear error in declining to give Jones a personal use discount of over 50%. *See United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008) ("Because a district court's determination of drug quantity is a finding of fact, our review is limited to clear error."); *United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002) ("[G]iven the wide latitude of the district court to make credibility determinations . . . the court is not restricted to accepting the low end of a quantity range estimated by a witness.").

4

**B. Criminal History Category**

Jones next argues that the district court committed plain error when it assigned separate criminal history points for two prior offenses that Jones committed in 2015. She asserts that the district court should have treated these two convictions as a single sentence because they were separated by a citation rather than by an "intervening arrest" as required by U.S.S.G. § 4A1.2(a)(2). For the following reasons, Jones's argument, which she raises for the first time on appeal, fails.

When a defendant raises a Guidelines calculation error for the first time on appeal, the defendant must satisfy Federal Rule of Criminal Procedure 52(b), which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the [district] court's attention."[1] Fed. R. Crim. P. 52(b). But for a reviewing court to exercise its discretion under Rule 52 to correct the alleged error, the defendant must show that the error was "plain—that is to say, clear or obvious." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). And for the error to be plain, "it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (internal quotation marks and alterations omitted).

Such is the case here. Jones's criminal history calculation raises two difficulties. First, the definition of an "intervening arrest" for purposes of § 4A1.2(a)(2) is not addressed in the Guidelines themselves. We have not defined the term, and our sister circuits have diverged on

---

[1] Jones does not dispute that the district court's criminal history calculation is subject to plain error review.

the question.[2]    *Compare United States v. Morgan*, 354 F.3d 621, 624 (7th Cir. 2003) (concluding

that a traffic citation is an "arrest" for purposes of the Guidelines), *with United States v. Powell*,

798 F.3d 431, 437–38 (6th Cir. 2015) (holding that an "intervening summons" for an aggravated

assault charge does not constitute an "intervening arrest"), *United States v. Leal-Felix*, 665 F.3d

1037, 1041 (9th Cir. 2011) (*en banc*) ("Limiting 'arrest' to a formal arrest (rather than a mere

citation) is consistent with common usage, case law, and the context and purposes of the

Sentencing Guidelines."), *United States v. Ley*, 876 F.3d 103, 109 (3d Cir. 2017) ("[F]or purposes

of section 4A1.2(a)(2) of the Sentencing Guidelines, an arrest is a formal, custodial arrest."),

*United States v. Wright*, 862 F.3d 1265, 1282 (11th Cir. 2017) (same), *and United States v. Matos*,

611 F.3d 31, 39 n.11 (1st Cir. 2010) ("[T]reating an intervening summons as the functional

equivalent of an intervening arrest for the purposes of U.S.S.G. § 4A1.2 seems problematic.").[3]

Moreover, even if the meaning of an "intervening arrest" for purposes of § 4A1.2(a)(2)

were clear, the record here is silent as to the nature of Jones's 2015 citation.    The sole description

of that citation is found in the Presentence Report, which states only:

> On November 18, 2010, an officer spoke with Jones, who admitted that it was
> "probably" [she] who cashed the check and that she had since disposed of [the]
> credit card.    Based on the foregoing, Jones was issued a citation.

Sealed App'x at 69.    The record thus does not establish whether Jones was placed in custody

---

[2] Relying on *Burg v. Gosselin*, 591 F.3d 95 (2d Cir. 2010), Jones argues in her reply brief that "the law in this Circuit is clear that the mere issuance of a 'summons' is not an 'arrest.'"    Reply Br. at 5.    But that decision held only "that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure."    *Burg*, 591 F.3d at 98.    *Burg* did not decide the question of whether a citation can serve as an "intervening arrest" for purposes of the Guidelines.

[3] While the majority of our sister circuits interpret § 4A1.2(a)(2)'s "intervening arrest" language narrowly, because there is a split and because we have yet to construe the term ourselves, we cannot identify "plain error."    *See United States v. Whab*, 355 F.3d 155, 158 n.1 (2d Cir. 2004); *see also United States v. Bastian*, 770 F.3d 212, 221 (2d Cir. 2014).

before being issued a citation, much less the legal import of her theft for purposes of § 4A1.2(a)(2). Accordingly, the district court did not commit plain error when it assigned separate criminal history score points for Jones's two prior offenses.[4]

* * *

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Jones also argues for the first time in her reply brief that her prior counsel's failure to raise the issue of her criminal history score calculation before the district court constitutes ineffective assistance of counsel. Reply Br. at 7. "Issues raised for the first time in a reply brief are generally deemed waived." *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010). Because Jones has neither shown that the resolution of her ineffective assistance claim is beyond any doubt nor that it would be in the interest of justice to consider her claim on direct appeal, we decline to entertain it. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").